128                    June 5, 2024                    No. 388

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. S. M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. M. H.,
*Appellant.*

Jackson County Circuit Court
23JU00159; A182785

David G. Hoppe, Judge.

Submitted April 3, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals a judgment terminating her parental rights to her child, A. On appeal, mother assigns error to the juvenile court's determination that terminating mother's parental rights is in the child's best interests. We review *de novo*, ORS 419A.200(6), and affirm.

A parent's rights can be terminated only if the court finds that termination is in the child's best interests. ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated * * * only upon a petition filed * * * for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward[.]"). We do not presume that adoption is the best outcome for every child who lacks fit parents; rather, the court must consider the needs and circumstances of the child. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 161-63, 166, 442 P3d 1100 (2019). Termination is appropriate only if the court determines that "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

Mother argues that termination is not in A's best interests because A is bonded to her and adoption is not necessary to achieve permanency. Having reviewed the record, we agree with the juvenile court that termination of mother's parental rights is in A's best interests. We are particularly persuaded by the evidence that A and mother have a limited bond and A has a strong need for permanency. Additionally, given the difficult relationship that mother has with the resource parents, a permanent guardianship is not in A's best interests. *See Dept. of Human Services v. J. S. E. S.*, 315 Or App 242, 245, 501 P3d 556 (2021), *rev den*, 369 Or 209 (2022) (considering that "a permanent guardianship would be difficult to maintain in [the child's] proposed adoptive placement with her current foster parents, given that mother is not on good terms with them and they have valid concerns that she will not respect their boundaries").

Affirmed.